NO. 07-03-0252-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 11, 2003


______________________________



EDWARD SANCHEZ HINAJAS AKA EDWARD SANCHEZ


 HINOJOSA AKA EDWARD SANCHEZ HINOJOS,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 46,042-D; HON. DON EMERSON, PRESIDING


_______________________________



DISMISSAL 


 _______________________________ 


Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

 Appellant, Edward Sanchez Hinajas, appeals his conviction for Aggravated Sexual
Assault. We dismiss the proceeding for lack of jurisdiction. 

 The judgment indicates that sentence was imposed on March 13, 2003. Appellant
then filed a document purporting to be a notice of appeal on May 22, 2003. No motion for
new trial was filed. 

 To be timely, a notice of appeal must be filed within 30 days after the sentence is
imposed or suspended in open court or within 90 days after that date if a motion for new
trial is filed. Tex. R. App. P. 26.2(a). Thus, appellant's notice of appeal was due to be filed
on or about April 14, 2003, but was not filed until May 22, 2003. Furthermore, he did not
move for an extension of the deadline.

 A timely filed notice of appeal is essential to invoke our appellate jurisdiction. Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If the notice is not timely, then the
court of appeals can take no action other than to dismiss the proceeding. Id. at 523. 
Because appellant's notice of appeal was untimely filed, we have no jurisdiction to
consider the appeal. 

 Accordingly, the appeal is dismissed. 

 Per Curiam 

Do not publish. 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



60;   On September 28, 2007, this Court issued its opinion and judgment in this appeal,
affirming the judgment of the trial court, and on December 18, 2007, we issued our
mandate. The Court of Criminal Appeals, however, on November 28, 2007, granted
appellant an extension of time to file a petition for discretionary review, through December
28, 2007. This Court’s mandate was issued prematurely. Tex. R. App. P. 18.1.
           Accordingly, on its own motion, the Court recalls its mandate dated December 18,
2007, and directs that it be given no effect. Tex. R. App. P. 18.7, 19.3. If the trial court has
issued a capias for appellant’s arrest pursuant to Rule of Appellate Procedure 51.2, the
trial court shall direct that it be returned to the trial court unexecuted. Tex. R. App. P. 51.2. 
           It is so ordered.
 
                                                                Per Curiam
 
Do not publish.